UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE B. SURDAK READ,<br><br>       Plaintiff,<br><br>    -against-<br><br>TOWN OF RAMAPO POLICE DEPT.; P.O.<br>BUCKLEY; P.O. FERGUSON; A.D.A.<br>VERONICA PHILLIPS,<br><br>       Defendants. | 22-CV-3044 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, asserting claims in connection with a "domestic incident." Plaintiff names as defendants an Assistant District Attorney and two police officers and brings claims for "illegal seizure of evidence" and "sexual harassment." The complaint refers to Plaintiff Michelle Read in the third person, and thus raises doubts as to whether she authored the complaint.

By order dated April 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough

facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

the Court to draw the inference that the defendant is liable for the alleged misconduct. In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely

possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are taken from the complaint. On April 4, 2021, there was a

"domestic incident" at Plaintiff Michelle Read's home at 114 Pondview Drive in Rockland

County, New York. (ECF 2 at 2, 5.) Plaintiff went to Good Samaritan Hospital. While she was

there, Police Officer Buckley took photographs of her "alleged" injury. (*Id.* at 4.) Plaintiff was

told to call police officers after she was discharged from the hospital to "finish signing the

charges." (*Id.*)  Plaintiff was discharged at about 9:20 p.m., and called the officers when she was

home. The officers came back to the house.

The complaint notes that Police Officer Ferguson testified to a Grand Jury that he and

Officer Buckley "did not locate the suspect there" at the house and that they "were unable to

locate the weapon that was used," but Police Officer Buckley "took photographs of the victim[']s

injury." (*Id.* at 7.)

Some portions of the complaint appear to be written by someone other than the Plaintiff.

The complaint includes arguments that Police Officer Buckley "deliberately disregards to Mrs.

M. Reads right to privacy. Used photographs depicting her undergarments, and allege injuries

she sustained by whatever way she did."[1] (*Id.* at 9-10.)  The complaint also suggests that Plaintiff

may herself have caused the injuries that she sustained: The photographs do not "fairly and

accurately depicted the victims condition at the time she was seen at hospital. 4 ½ hours go past.

Such an allege victim with mental health issues could have made self injuries. Mrs. M. Reads

diagnosis supports this finding." (*Id.* at 10.)

There are also arguments in the complaint that Plaintiff's statements to police should

have been deemed inadmissible in criminal proceedings because they did not qualify as "excited

utterances," given the length of time between the alleged assault and the statements. (*Id.* at 11.)

The complaint refers to additional Grand Jury testimony and arguments made in motions ("See

Respondents Response to Omnibus Motion") (*id.* at 8), which may refer to recent criminal

proceedings for David Paul Read.[2]

---

[1] The spelling and punctuation in this and other quoted material is from the original.

[2] According to public records, David Read has pending criminal charges in *People v. Read*, 70335-21, in connection with his arrest on assault and weapons charges on April 4, 2021, which is the same date as the incident giving rise to Plaintiff's claims. Assistant District Attorney Phillips, who is named as a defendant in this action, is the prosecutor in those criminal

**DISCUSSION**

A nonattorney may not appear *pro se* on behalf of any other party. Under 28 U.S.C. § 1654, parties in federal court "may plead and conduct their own cases personally or by counsel." The statute "recognizes that an individual generally has the right to proceed pro se with respect to his own claims or claims against him personally" or to be represented by a licensed attorney. *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009). The right to proceed *pro se* does not extend to "an individual who is not licensed as an attorney" who appears on another person's behalf. *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008).

As an initial matter, many of the allegations in the complaint appear to have been written by someone other than the named Plaintiff. For example, the complaint refers to Plaintiff in the third person: "Mrs. M. Read was scared and stated to me this." (ECF 2 at 9.) Although the complaint is signed in the name of Michelle Read, it is not clear that she is prosecuting this action.

Moreover, many of the allegations in the complaint do not seek to vindicate Plaintiff Michelle Read's rights. The allegations that Plaintiff injured herself, that her statements are unreliable, and that evidence of her injuries should have been suppressed in the criminal proceedings against her assailant do not appear to be claims that Plaintiff is bringing on her own

---

proceedings. Read's omnibus motion was granted in part on January 19, 2022. *See also Read v. Arresting Officers*, No. 13-CV-3992 (LAP) (S.D.N.Y. June 10, 2013) (Complaint, ECF 1 at 35) (suit against police officers who arrested David P. Read on allegations that he "threaten[ed] Michelle Surdack-Read," in violation of order of protection issued to her on 8/03/2006); *Read v. Thompson*, No. 13-CV-3661 (KMK) (PED), 2016 WL 165715, at *9 (S.D.N.Y. Jan. 13, 2016) (denying § 2254 petition challenging David P. Read's 2010 conviction for violating order of protection, noting that he had "submitted two documents purportedly from Ms. Read in support of his claim of actual innocence" but that the evidence was not reliable and did not make out a "compelling" case of actual innocence in light of other evidence).

behalf. Because an individual can only proceed *pro se* on her own behalf, if Plaintiff Michelle

Read wishes to bring a complaint, she can pursue only her own claims. The Court therefore

grants Plaintiff leave to amend her complaint to pursue her own claims. No non-attorney can

bring suit on Plaintiff's behalf.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend her

complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a

short and plain statement of the relevant facts supporting each claim against each defendant. If

Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should

include all of the information in the amended complaint that Plaintiff wants the Court to consider

in deciding whether the amended complaint states a claim for relief. That information should

include:

a)  the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-3044 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

       SO ORDERED.

Dated:   May 31, 2022
           New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                        State                Zip Code

_____

Telephone Number                    Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                     Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                     Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                     Zip Code

Defendant 4:

_____

First Name                           Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                Zip Code

## III.  STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV.  RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City | State          Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.