UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE B. SURDAK READ,<br><br>                              Plaintiff,<br><br>               -against-<br><br>TOWN OF RAMAPO POLICE DEPT.; P.O.<br>BUCKLY, #541; P.O. FURGUSON, #547;<br>A.D.A. VERONICA PHILLIPS,<br><br>                              Defendants. | 22-CV-3044 (CS)<br><br>ORDER OF SERVICE |

CATHY SEIBEL, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated her constitutional rights. By order dated April 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

**A.    Town of Ramapo Police Department**

Plaintiff's claims against the Town of Ramapo Police Department must be dismissed because, under New York law, municipal agencies or departments lack the capacity to be sued. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Claims against the Town of Ramapo Police Department therefore can be brought only against the Town of Ramapo.

The Court declines at this stage, however, to substitute the Town of Ramapo as a defendant in place of the Police Department because the allegations of the amended complaint do not state a claim against the Town of Ramapo. When a plaintiff sues a town or other municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.*

*of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff asserts claims against Town of Ramapo police officers but does not plead any facts showing that a policy, custom, or practice of the Town of Ramapo caused the alleged violation of her rights. Accordingly, Plaintiff's claims against the Town of Ramapo Police Department are dismissed.

## B.    Assistant District Attorney Veronica Phillips

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).  Here, Plaintiff's claims against Defendant Phillips are based on her use of photographs during Grand Jury proceedings. A prosecutor's submission of documents during Grand Jury proceedings is a function intimately associated with the judicial phase of the criminal process. *See Anilao v. Spota*, 27 F.4th 855, 864-66 (2d Cir. 2022).  Plaintiff's claims against ADA Phillips are therefore dismissed because the

claims seek monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(b)(iii).

### C.      Police Officers Buckley and Ferguson

Plaintiff's claims against Police Officers Buckley and Ferguson proceed. Because

Plaintiff has been granted permission to proceed *in forma pauperis*, she is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in *in forma pauperis* cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the

Marshals Service to serve if the plaintiff is authorized to proceed *in forma pauperis*)).

To allow Plaintiff to effect service on Defendants Buckley and Ferguson through the U.S.

Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

Receipt and Return form (USM-285 form) for each of these Defendants. The Clerk of Court is

further instructed to issue summonses and deliver to the Marshals Service all of the paperwork

necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued,

Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service). Plaintiff must notify the Court in writing if her address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding *in forma pauperis* and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

**CONCLUSION**

The Court dismisses Plaintiff's claims against the Town of Ramapo Police Department because it lacks the capacity to be sued. The Court dismisses Plaintiff's claims against ADA Phillips based on prosecutorial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to issue summonses for Police Officers Buckley and Ferguson, complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 13, 2022
         White Plains, New York

_____
                  CATHY SEIBEL
            United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      Police Officer Thomas Buckley, #541
        Town of Ramapo Police Department
        237 Route 59
        Suffern, New York 10901

2.      Police Officer Kevin Ferguson, #547
        Town of Ramapo Police Department
        237 Route 59
        Suffern, New York 10901